Smith, J.
This was an action of trover, to recouer a negra man, named Louis. The only exception taken by defendant is,that a witness, Mr. Dela Lande, had not proved the handwriting of defendant to a certain deed of defeasance, the witness having, said that he had been acquainted with the writing of Mr. Dela Combe,- and believed the signature shewn to him to be his writing. Mr. Cogdell, defendant’s counsel, offered affidavits to explain what the witness intended to say, and to shew that Mr. Dela Lande had never' seen Mr. Dela Combe write ; and Mr. Cogdell insisted that the ex. pressions of the witness were not sufficient to authorize this evidence to go to the jury. It is true the witness did not say he had seen Dela Combe write, but he has said that he knew his writing, and believed the signature to be his. He might have been asked if he had seen Dela Combe write, or had known his handwriting in the course of a written correspondence ; if he had said no, then it would have been clear that the evidence was insufficient. But, on a motion for a new trial, it is too late to ascertain what the witness would have said had he been asked. From his answer, we must take it that he had seen Dela Combe write ; and his saying he be. lieved the signature to be Dela Combe’s, was proof strong enough to go to a jury. It is every day’s practice in our own courts, and warranted by the English law. Macnally, 421. On this ground, I am, therefore, of opinion, the new trial ought not to be granted.
Colcock, Nott, and Grimke, Js., concurred.